**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8308**

WRITER'S EMAIL ADDRESS
christophermichel@quinnemanuel.com

January 7, 2025

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

Re:     *California v. Express Scripts, Inc.*, No. 24-01972 (oral argument set for Mar. 4, 2025)

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), I write on behalf of Defendants-Appellants to inform the Court of two recent orders—one in the remand proceedings in this case and one in a similar case pending in federal district court in Arkansas.

*First*, on December 17, 2024, the Los Angeles County Superior Court ruled on Defendants' demurrer to the Second Amended Complaint. The state court rejected Defendants-Appellants' *federal preemption* defenses, while dismissing the complaint with leave to amend on a *state-law* defense (Exhibit A). This decision supports Defendants-Appellants' argument that a state court is not as hospitable to federal defenses as a federal court would be, which is why Congress codified federal-officer removal. OB 5, 44-45. The decision also reinforces Defendants-Appellants' argument for a stay pending appeal. OB 42-46. If this Court reverses the remand decision below, the state court's intervening orders (including its grant of leave to amend the purported disclaimer

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

at issue in this appeal (Ex. A at 19)) will have to be vacated, resulting in a waste of judicial and party resources that could be readily avoided with a stay.

*Second*, on December 31, 2024, the court in *Arkansas ex rel. Griffin v. Optum, Inc.*, No. 24-701 (E.D. Ark.) stayed its order remanding that case to state court (Exhibit B). *Arkansas* involved many of the same defendants and virtually the same claims as this case. Unlike in this case, however, the court held that "under the Supreme Court's reasoning in *Coinbase, Inc. v. Bielski*, [it] must stay this case while any interlocutory appeal is pending since the issue is whether litigation of Plaintiff's claims can proceed in this court." Ex. B at 10-11 (footnote omitted). To the extent the *Arkansas* decision gives effect to the disclaimer of the plaintiff in that case, it is mistaken for the reasons that Defendants-Appellants have identified in their briefing in this case (OB 32-37), and the defendants in that case will challenge it on appeal—with the remand order properly stayed in the interim.

Respectfully submitted,

*/s/ Christopher G. Michel*

Christopher G. Michel

cc:     Counsel of Record

2