(1 of 2), Page 1 of 2   Case: 24-1972, 01/17/2025, DktEntry: 44.1, Page 1 of 2

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8308**

WRITER'S EMAIL ADDRESS
**christophermichel@quinnemanuel.com**

January 17, 2025

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

Re:   *California v. Express Scripts, Inc.*, No. 24-01972 (oral argument set for Mar. 4, 2025)

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), I write on behalf of Defendants-Appellants to inform the Court of the United States Supreme Court's decision in *Royal Canin U.S.A., Inc., v. Wullschleger*, No. 23-677, attached as Exhibit A. On January 15, 2025, the Court held that when a plaintiff amends her complaint to delete the only claims that enabled removal to federal court, the federal court loses supplemental jurisdiction and the case must be remanded to state court. Ex. A at 6, 20.

In light of *Royal Canin*, Defendants-Appellants withdraw the argument in Section II.A of their opening brief (OB 29-32) and Section II.B of their reply brief (RB 16-17) that the district court erred by declining to conduct a supplemental jurisdiction analysis after concluding that Plaintiff's post-removal amendment of its complaint eliminated the basis for federal jurisdiction. *Royal Canin* does not, however, affect Defendant-Appellants' principal argument that the disclaimer added by Plaintiff in that amendment did not eliminate the basis for federal jurisdiction

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

under the federal officer removal statute. OB 32-42; RB 4-15; *see California v. CaremarkPCS Health LLC*, 2024 WL 3770326, at *1 (9th Cir. Aug. 13, 2024); *id.* at *2 (Ikuta, J., concurring in the judgment). Reversal of the district court's decision therefore remains warranted because the district court was required to exercise jurisdiction under the federal officer removal statute.

Respectfully submitted,

*/s/ Christopher G. Michel*

Christopher G. Michel

cc:     Counsel of Record